UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-277-MOC-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **RASHARD DEAN BOYD,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the defendant's pro se Motion for Discharge from Further Restitution Payments. (Doc. No. 73). For the following reasons, the motion is denied.

**I.     BACKGROUND**

The Court entered judgment against the defendant on January 17, 2013, for conspiracy to commit robbery and brandishing a firearm during and in relation to a crime of violence, sentencing him to 235 months' imprisonment and imposing an assessment of $200 and restitution of $14,629.62. (Doc. No. 55). The restitution liability is joint and several with co-defendants Jasmine Massey, Cameron Hallman, and Shameron Hallman. (Id.). To date, the defendant has paid his $200 special assessment and $6,852.66 toward his restitution, all through the Inmate Financial Responsibility Program ("IFRP"). The defendants together have paid $7,572.41 toward restitution, and the outstanding balance is $7,057.21. The Bureau of Prisons ("BOP") started deducting the defendant's IFRP payments on or around June 10, 2013, at a rate of $25.00 quarterly. His most recent BOP payment of $226.46 was deducted on May 9, 2019.

The defendant filed the pending letter motion on June 4, 2019, requesting that the Court discharge him from any further court-ordered restitution payments. (Doc. No. 73).

## II. DISCUSSION

The defendant contends that he has satisfied his restitution obligation, but he has not. Contrary to the defendant's statement that his judgment imposes restitution "to be divided among the (3) other co-defendants," the defendant's judgment states that restitution is joint and several with Massey, Cameron Hallman, and Shameron Hallman. (Doc. No. 55). Joint and several liability is permissible under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A et seq., which provides that "where more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss." 18 U.S.C. § 3664(h); see also United States v. Dillard, 641 Fed. Appx. 252, 254 (4th Cir. 2016). The defendant argues that he has fulfilled his obligation because he has paid his portion, "which comes to $3,660.37," or one-fourth of the restitution imposed. Because liability is joint and several, however, each defendant is liable for the full amount of restitution until it is paid in full.[1]

To the extent the defendant's motion can be construed as a motion to modify or amend his criminal judgment to apportion restitution liability, there are no grounds on which to do so. The MVRA permits modification of final restitution orders under four circumstances. An order of restitution may be corrected within fourteen days after sentencing for "arithmetical, technical,

---

[1] The Government asserts in its response that Shameron Hallman is still in prison and made his last payment through IFRP in March 2019, and that Massey and Cameron Hallman have been released. The Government asserts in its response that the Financial Litigation Unit has been unable to locate assets or income belonging to Massey and Cameron Hallman but will continue to seek to enforce the restitution judgment against them.

or other clear errors." FED. R. CRIM. P. 35(a); § 3664(o)(1)(A). It may be modified or corrected on appeal under § 3742. § 3664(o)(1)(A). It may be amended under section 3664(d)(5) because losses were not ascertainable at the time of sentencing. § 3664(o)(1)(C). The manner in which restitution must be paid may be adjusted under § 3664(k). § 3664(o)(1)(D). None of these circumstances are applicable here. The time for challenging the imposition of joint and several liability has long since passed.

Next, to the extent the defendant challenges his payment under the IFRP or seeks removal from the IFRP, his motion is procedurally improper. The BOP has the authority to place a defendant in the IFRP when the criminal judgment orders payment due immediately. See United States v. Caudle, 261 F. App'x 501, 503-04 (4th Cir. 2008). Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. See United States v. Boulware, No. 1-09-CR-55, 2016 WL 4418239, at *1 (W.D.N.C. Aug. 17, 2016) (citing McGhee v. Clark, 166 F.3d 884, 887 (7th Cir. 1999)). Once all administrative remedies have been exhausted, a defendant may challenge such payments only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. Id. In any case, the defendant agreed in his plea agreement to participate in the IFRP and to pay full restitution, regardless of the loss amount. (Doc. No. 24).

### III. CONCLUSION

For the reasons stated herein, this Court denies the defendant's motion for discharge from further restitution payments.

**IT IS THEREFORE ORDERED THAT** the defendant's pro se Motion for Discharge from Further Restitution Payments, (Doc. No. 73), is **DENIED**.

Signed: June 28, 2019

Max O. Cogburn Jr
United States District Judge